Alan Harris (SBN 146079)
Priya Mohan (SBN 228984)
Min Ji Gal (SBN 311963)
HARRIS & RUBLE
655 North Central Avenue 17th Floor
Glendale California 91203
Tel: 323.962.3777
Fax: 323.962.3004
aharris@harrisandruble.com
pmohan@harrisanruble.com
mgal@harrisandruble.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HAYWARD, individually and as proxies of the State of California on behalf of Aggrieved Employees, <br><br> Plaintiff, <br><br> v. <br><br> LUXURY SHUTTLE GROUP, LLC, a California Limited Liability Company, LANEAR MONTGOMERY, an individual, MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, FOUR POINTS SHERATON LAX, an entity of unknown form, SIXT RENT A CAR, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE THIRTY, <br><br> Defendants. | Case No: <br><br> **COMPLAINT** <br> [*PAGA Representative Action; FLSA Collective Action*] <br><br> 1. Section 203 of the California Labor Code, Continuing Wages <br><br> 2. Section 204 of the California Labor Code, Timely Wages <br><br> 3. Sections 510 and 1194 of the California Labor Code, Failure to Pay Minimum Wage and Overtime <br><br> 4. Section 226(a) of the California Labor Code, Failure to Provide Accurate Wage Statements. <br><br> 5. California Labor Code § 2698 *et seq*. PAGA Civil Penalties <br><br> 6. Fair Labor Standards Act <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff Terry Hayward ("Plaintiff" or "Hayward"), by and through his undersigned attorneys, alleges as follows:

## JURISDICTION AND VENUE

1.      This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* seeking relief under state and federal law on account of unpaid wages, unpaid overtime, damages, continuing wages, damages, penalties, resitution and attorneys' fees and costs.  This Court may have supplemental and/or ancillary jurisdiction with respect to the state law claims alleged herein.

2.      Venue is proper in this Central District of California since a substantial part of the events or omissions giving rise to the claims occurred in this District.  All Defendants maintain an office, transacts business, has an agent, or is found in the County of Los Angeles and are within the jurisdiction of this Court for purposes of service of process.  The violations of the Fair Labor Standards Act alleged herein had a direct effect on and were committed within the Central District of California, impacting Plaintiff and the Aggrieved Employees.

## THE PARTIES

3.      Hayward is an individual, who, during the time periods relevant to this Complaint, was and is a resident of the County of Los Angeles, State of California.

4.      Luxury Shuttle Group, LLC ("LSG") is a California Limited Liability Company, which at all times relevant herein, conducted business within the County of Los Angeles, State of California.

5.      LSG and Montgomer, were Labor Contractors under California Labor Code section 2810.3, and had contracts with various Client Employers, including Marriott International Inc., Four Points Sheraton LAX, and Sixt Rent a Car, LLC, to supply drivers and other non-exempt employees to provide shuttle services between Los Angeles International Airport ("LAX") and various Client Employer locations, including hotels and car rental businesses.  Hayward was a shuttle driver for LSG.

6.     Lanear Montgomery ("Montgomery") is an individual who owns and operates LSG and who at times relevant herein, conducted business within the Central District of the State of California.

7.     Marriott International Inc. ("Marriott") is a Delaware corporation, which at all times relevant herein conducted business within the County of Los Angeles, State of California.  Mariott contracted for LSG to hire drivers and other non-exempt employees to shuttle Marriott's customers between LAX and various Marriott hotels nearby.[1]  At all times relevant herein, Marriott acted as the Client Employer of the drivers and other employees who provided shuttle services to Marriott's customers.  LSG and Marriott are the joint employers of the drivers and other employees who provided shuttle services to Marriott's customers.

8.     Four Points Sheraton LAX ("Sheraton") is an entity of unknown form, which at all times relevant herein conducted business within the County of Los Angeles, State of California.  Sheraton contracted for LSG to hire drivers and other non-exempt employees to shuttle Sheraton's customers between LAX and various Sheraton hotels nearby.

9.     Sixt Rent a Car, LLC ("Sixt") is a Delaware Limited Liability Company, which at all times relevant herein conducted business within the County of Los Angeles, State of California.  Sixt contracted for LSG to hire drivers and other non-exempt employees to shuttle Sixt's customers between LAX and various Sixt locations nearby.

10.     Defendants Doe One through and including Doe Thirty are sued herein under the provisions of section 474 of the California Code of Civil Procedure.  Plaintiff is unaware of the true names, identities or capacities, whether corporate, individual or otherwise, of said fictitiously name defendants, but leave of Court will be prayed to amend this pleading to insert the same herein when finally ascertained.  Plaintiff is informed, believes and thereupon alleges that each of the fictitiously named defendants is

---

[1] Such hotels include, but are not limited to: Los Angeles Airport Marriott Hotel, Renaissance Los Angeles Airport Hotel, Courtyard by Marriott, and Residence Inn by Marriott.

an entity, which during the relevant time period maintained a place of business in the County of Los Angeles, State of California.

11.     Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants, and each of them, were the agents, servants, employees, and/or joint ventures of their co-Defendants as aforesaid, when acting as a principal, was negligent and reckless in the selection and hiring of each and every other Defendants as an agent, servant, employee, corporate officer, and/or joint venture, and that each and every Defendant ratified the acts of its co-Defendants.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

12.     LSG and Montgomery, (the "Labor Contractors"), and Marriott, Sheraton, and Sixt, (the "Client Employers") (collectively "Defendants"), employed Hayward as shuttle driver from July 2016 to May 2017.

13.     Pay dates were established for the fifth and the twentieth of each month but Hayward was rarely paid on time.  Hayward also worked in excess of 8 hours per day and 40 hours per week but was not paid at an overtime rate for such hours worked.  He did not receive pay stubs with the information required by California Labor Code section 226(a).

14.     When his employment was terminated in May 2017, Defendants failed to pay his final wages.  As of the date of the filing of this complaint, Defendants have not paid Hawyward's final wages.

15.     On information and belief, other individuals who were employed by the Defendants ("Aggrieved Employees") were not timely paid for work performed for Defendants, was not compensated for overtime, did not receive compliant wage statements and were not paid timely final wages upon termination of the employment.

16.     At all relevant times mentioned herein, section 2810.3 of the California Labor Code provided in relevant part:

(1) (A) "Client employer" means a business entity, regardless of its form, that obtains or is provided workers to perform labor within its usual course of business from a labor contractor.

. . .

(3) "Labor contractor" means an individual or entity that supplies, either with or without a contract, a client employer with workers to perform labor within the client employer's usual course of business. "Labor contractor" does not include any of the following:

(A) A bona fide nonprofit, community-based organization that provides services to workers.

(B) A bona fide labor organization or apprenticeship program or hiring hall operated pursuant to a collective bargaining agreement.

(C) A motion picture payroll services company as defined in subparagraph (A) of paragraph (4) of subdivision (f) of Section 679 of the Unemployment Insurance Code.

(D) A third party who is a party to an employee leasing arrangement, as defined by Rule 4 of Section V of the California Workers' Compensation Experience Rating Plan-1995 (Section 2353.1 of Title 10 of the California Code of Regulations), as it read on January 1, 2014, except those arrangements described in subrule d of Rule 4 of Section V, if the employee leasing arrangement contractually obligates the client employer to assume all civil legal responsibility and civil liability under this act.

. . .

(b) A client employer shall share with a labor contractor all civil legal responsibility and civil liability for all workers supplied by that labor contractor for both of the following:

(1) The payment of wages.

(2) Failure to secure valid workers' compensation coverage as required by

Section 3700.

(c) A client employer shall not shift to the labor contractor any legal duties or liabilities under Division 5 (commencing with Section 6300) with respect to workers supplied by the labor contractor.

(d) At least 30 days prior to filing a civil action against a client employer for violations covered by this section, a worker or his or her representative shall notify the client employer of violations under subdivision (b).

(e) Neither the client employer nor the labor contractor may take any adverse action against any worker for providing notification of violations or filing a claim or civil action.

(f) The provisions of subdivisions (b) and (c) are in addition to, and shall be supplemental of, any other theories of liability or requirement established by statute or common law.

Labor Code § 2810.3.  On or around July 17, 2017, Plaintiff gave written notice to the Client Employers Marriott, Sheraton and Sixt of the violations under §2810.3(b) via certified mail.

17.    At all relevant times mentioned herein, section 203 of the California Labor Code provided:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202 and 202.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until action therefore is commence; but the wages shall not continue for more than 30 days.

Labor Code § 203.  Defendants' failure to compensate Plaintiff within the time provided for in section 201 and/or 202 of the California Labor Code, despite their knowledge of their obligation to do so, was "willful" as the word is used in section 203. Plaintiff is entitled to continuing wages from Defendants in an amount according to proof.

18.    At all times relevant herein, section 204 of the California Labor Code provided in part:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month.

Labor Code § 204.

19.    By failing to pay Plaintiff and other aggrieved emlpoyees all wages when due, Defendants violated section 204 of the California Labor Code.

20.    At all times relevant herein, section 210 of the California Labor Code provided:

> In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (a) For any initial violation, one hundred dollars ($100) for each failure to pay each employee; (b) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld.

Labor Code § 210.

21.    At all relevant times mentioned herein, section 510(a) of the California Labor Code provided:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of at least one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work. The requirements of this section do not apply to the payment of overtime compensation to an employee working pursuant to any of the following:  (1) An alternative workweek schedule adopted pursuant to Section 511.  (2) An alternative workweek schedule adopted pursuant to a collective bargaining agreement pursuant to Section 514.

Labor Code § 510.  Defendants failed to pay Plaintiff and Aggrieved Employees overtime wages for work performed in excess of 8 hours per day and/or 40 hours per week.

22.    At all relevant times mentioned herein, section 1194 of the California Labor Code provided:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

Labor Code § 1194.

23.    At all relevant times mentioned herein, section 558 of the California Labor Code provided:

> Any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows:  (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages.  (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3)Wages recovered pursuant to this section shall be paid to the affected employee.

Labor Code § 558.  Defendants are the joint employers or other persons acting on behalf of an employer who violated, or caused to be violated the relevant sections of the California Labor Code referenced herein.  To date, Defendants have failed to timely compensate Plaintiff and on information and belief other Aggrieved Employees for all hours worked.

24.    At all relevant times mentioned herein, section 558.1 of the California Labor Code provided:

> (a) Any employer or other person acting on behalf of an employer, who violates, or causes to be violated, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or violates, or causes to be violated, Sections 203, 226, 226.7, 1193.6, 1194, or 2802, may be held liable as the employer for such violation.
> (b) For purposes of this section, the term "other person acting on behalf of an employer" is limited to a natural person who is an owner, director, officer, or managing agent of the employer, and the term "managing agent"

has the same meaning as in subdivision (b) of Section 3294 of the Civil

Code.

(c) Nothing in this section shall be construed to limit the definition of

employer under existing law.

Labor Code § 558.1. LSG, Montgomery and the Client Employers are the joint

employers or other persons acting on behalf of an employer who violated, or

caused to be violated the relevant sections of the California Labor Code referenced

herein.

25.     Plaintiff and other Aggrieved Employees were not timely paid the minimum

and/or overtime wages to which they were entitled in violation of California Labor Code

§§ 510 and 1194. Both late payment and nonpayment of minimum wages violate the

state statute requiring the payment of a minimum hourly wage.

26.     At all relevant times mentioned herein, section 226 of the California Labor

Code provided:

(a) Every employer shall, semimonthly or at the time of each payment of

wages, furnish each of his or her employees, either as a detachable part of

the check, draft, or voucher paying the employee's wages, or separately

when wages are paid by personal check or cash, an itemized statement in

writing showing (1) gross wages earned, (2) total hours worked by the

employee, except for any employee whose compensation is solely based on

a salary and who is exempt from payment of overtime under subdivision (a)

of Section 515 or any applicable order of the Industrial Welfare

Commission, (3) the number of piece rate units earned and any applicable

piece rate if the employee is paid on a piece-rate basis, (4) all deductions,

provided, that all deductions made on written orders of the employee may be

aggregated and shown as one item, (5) net wages earned, (6) the inclusive

dates of the period for which the employee is paid, (7) the name of the

employee and his or her social security number, except that by January 1,

2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

. . . .

(e) An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

. . . .

(g) An employee may also bring an action for injunctive relief to ensure compliance with this section, and is entitled to an award of costs and reasonable attorney's fees.

Labor Code § 226.  Defendants employed Plaintiff and other employees, but, in all cases, failed to provide them with the data required by section 226(a) of the California Labor Code.  All of the foregoing was intentional misconduct of Defendants that was intended to mislead and injured Plaintiff and other Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

## **PAGA REPRESENTATIVE ACTION ALLEGATIONS**

27.    On July 17, 2017, Plaintiff gave written notice by certified mail of Defendants' violations of various provisions of the California Labor Code as alleged in the Complaint to the Labor and Workforce Development Agency ("LWDA") and Defendants.  When Sixty-five (65) calendar days of the July 17, 2017 postmark date of the notice sent by Plaintiff have passed Plaintiff will amend this complaint to "commence a civil action pursuant to Section 2699."  Labor Code § 2699.3(a)(2)(A).  Sixty-five calendar days have passed since Plaintiff gave notice to the LWDA, Montgomery, LSG and Client Employers.

28.    At all relevant times mention herein, section 2699.3 of the Califoria Labor Code provided in pertinent part:

(a) A civil action by an Aggrieved Employee pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in Section 2699.5 shall commence only after the following requirements have been met:

(1) The Aggrieved Employee or representative shall give written notice by certified mail to the Labor and Workforce Development Agency and the employer of the specific provisions of this code alleged to have been violated, including the facts and theories to support the alleged violation.

(2) (A) The agency shall notify the employer and the Aggrieved Employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to paragraph (1), the Aggrieved Employee may commence a civil action pursuant to Section 2699.

Labor Code § 2699.3.  More than sixty-five calendar day have passed since Plaintiff gave written notice of the PAGA violations to the LWDA and Defendants and Plaintiff may "commence a civil action pursuant to Section 2699."  Labor Code § 2699.3(a)(2)(A).

29.    The Aggrieved Employees to be represented by Plaintiff include all natural persons who were employed by LSG and at least one other Client Employer in California to provide non-exempt services for it during the period from one year prior to the filing of the Complaint to the date of the filing of a motion for summary adjudication of the claims or trial of this case (the "Aggrieved Employees").

30.    The number of Aggrieved Employees is presently unknown.  However, membership within the group is readily ascertainable through an examination of the records which the Defendants are required by law to keep and which they have kept.  Likewise, the dollar amounts owed to the LWDA, Plaintiff and to each Aggrieved Employee are readily ascertainable by an examination of the same records.

### FIRST CAUSE OF ACTION
Continuing Wages, California Labor Code §§ 201, 202, and 203
(On Behalf of Plaintiff and Aggrieved Employees and Against All Defendants)

31.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

32.    Defendants employed Plaintiff and Aggrieved Employees as a shuttle drivers.  Plaintiff and Aggrieved Employees were not timely paid for their work when employees were either quit or were terminated.

33.    Defendants did not pay Plaintiff and Aggrieved Employees their earned wages as required by sections 201 and 202 of the California Labor Code.

34.    Defendants failure to compensate Plaintiff and Aggrieved Employees within the time provided for in sections 201 and 202 of the California Labor Code, despite their knowledge of their obligation to do so, was "willful" as the word is used in section 203.

35.    Pursuant to section 203, 558, 558.1, and 2810.3 of the California Labor code, Plaintiff and Aggrieved Employees are entitled to continuing wages from

Defendants in an amount according to proof. Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 218.5 of the California Labor Code.

### SECOND CAUSE OF ACTION
Untimely Wages, California Labor Code §§ 204 and 210
(On Behalf of Plaintiff and Aggrieved Employees Against All Defendants)

36.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

37.    Defendants employed Plaintiff and Aggrieved Employees as a shuttle drivers. Plaintiff and Aggrieved Employees were not timely paid for their work throughout their period of employment.

38.    Pursuant to section 204, 210, 558, 558.1, and 2810.3 of the California Labor code, Plaintiff and Aggrieved Employees are entitled to penalties from Defendants in an amount according to proof. Plaintiff is also entitled to recover costs and reasonable attorneys' fees.

### THIRD CAUSE OF ACTION
Damages for Unpaid Minimum Wages and Overtime Compensation,
California Labor Code §§ 510 and 1194
(On Behalf of Plaintiff and Aggrieved Employees Against All Defendants)

39.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

40.    During his employment by Defendants, Plaintiff and Aggrieved Employees worked many hours without timely compensation for work performed, as required by law. Defendants failed to timely pay Plaintiff and Aggrieved Employees their minimum wages and overtime wages as required by sections 510 and 1194 of the California Labor Code.

41.    Plaintiff and Aggrieved Employees are entitled to recover liquidated damages under sections 1194.2, 558, 558.1, and 2810.3 of the California Labor Code from Defendants in an amount according to proof. Plaintiff is also entitled to recover costs and reasonable attorneys' fees under section 1194 of the California Labor Code.

**FOURTH CAUSE OF ACTION**
Failure to Provide Information on Pay Stubs, California Labor Code § 226
(On Behalf of Plaintiff and Aggrieved Employees Against All Defendants)

42.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

43.    Defendants failed to provide Plaintiff and Aggrieved Employees with wage statements conforming to the requirements of section 226(a) of the California Labor Code.  For example, Defendants never provided Plaintiff with a proper wage statement identifying the employer, LSG, on the wage statements.  See wage statements attached as Exhibit 1.

44.    The failure of Defendants to provide proper wage statements violates section 226(a) of the California Labor Code insofar as Plaintiff and Aggrieved Employees have not received data that accurately sets forth the information delineated in section 226(a). For example, the wage statements fail to list "the name and address of the legal entity that is the employer."

45.    Plaintiff contend Defendants are subject to statutory penalties for which provision is made in Code § 226(e).  All of the foregoing was intentional misconduct of Defendants that injured Plaintiff and Aggrieved Employees insofar as they were subjected to confusion and deprived of information to which they were legally entitled.

46.    Accordingly, Plaintiff is entitled to damages from Defendants in the amount of at least $4000, or damages in an amount according to proof and costs and reasonable attorney's fees in accordance with the provisions of California Labor Code sections 226(e), 558, 558.1, and 2810.3.

**FIFTH CAUSE OF ACTION**
(California Labor Code § 2698 et seq. - Civil Penalties
(On Behalf of Plaintiff, the California Labor & Workforce Development Agency
and Aggrieved Employees, Against Defendants)

47.    Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

48.    Pursuant to section 2699.3(a)(1) of the Labor Code, on July 17, 2017, Plaintiff submitted his PAGA Claim Notice online to the California Labor and Workforce Development Agency ("LWDA") and notified the LWDA of the specific provisions of the Labor Code alleged to have been violated by Defendants, including the theories set forth in the Complaint.  Also on that day, Plaintiff gave written notice by certified mail to the individual Defendant and Defendants' Registered Agent for Service of Process of the specific provisions of the Labor Code alleged to have been violated by Defendants. Attached as Exhibit 3 is a true and correct copy of Plaintiff's July 17, 2017 letter to the LWDA requesting civil penalties mailed to Defendants.

49.    At all relevant times, California Labor Code section 2699.3(a)(2)(A) provided:

> The agency shall notify the employer and the aggrieved employee or representative by certified mail that it does not intend to investigate the alleged violation within 60 calendar days of the postmark date of the notice received pursuant to Paragraph (1). Upon receipt of that notice or if no notice is provided within 65 calendar days of the postmark date of the notice given pursuant to Paragraph (1), the aggrieved employee may commence a civil action pursuant to Section 2699.

Labor Code § 2699.3(a)(2)(A).  When sixty-five (65) calendar days of the July 17, 2017 postmark date of the notice sent by Plaintiff have passed Plaintiff may "commence a civil action pursuant to Section 2699."  Labor Code § 2699.3(a)(2)(A).  More than sixty-five calendar day have passed since Plaintiff gave written notice of the PAGA violations to the LWDA and Defendants.

50.    Plaintiff contends that sections 201, 202, 203, 204, 210, 226, 510, 558, 558.1, 1194, 1197.1, 558, 558.1, and 2810.3 and 2699 of the Labor Code enables him to recover civil penalties under PAGA, as well as attorney's fees and costs, from Defendants, through a civil action on behalf of himself and other Aggrieved Employees.

51.     Plaintiff seeks to recover the PAGA civil penalties through a representative action permitted by PAGA and the California Supreme Court in <u>Arias v. Superior Court</u>, 46 Cal. 4th 969 (2009).  Therefore, class certification of the PAGA claims is not required.

52.     Plaintiff seeks civil penalties pursuant to PAGA for violations of the following Labor Code provisions:

53.     Failure to pay timely pay wages and/or final wages to Aggrieved Employees in violation of Labor Code §§ 201, 202, 203, 204 and 210.

54.     Failure to timely pay minimum and overtime wages to Aggrieved Employees in violation of Labor Code §§ 510, 558, 1194 and 1198.

55.     Failure to provide itemized wage statements to Aggrieved Employees in violation of Labor Code § 226(a).

56.     With respect to violations of Labor Code § 201 and 202, Plaintiff contends that the failure of Defendants to make payments within the time provided for has been and is "willful" within the meaning of such word as used in Section 203 of the California Labor Code and that, accordingly, each Aggrieved Employee who was not timely paid his or her final wages is entitled to civil penalties for which provision is made in Section 210 of the Labor Code on account of violations of section 204.

57.     Labor Code §2699 *et seq.* imposes a civil penalty of one hundred dollars ($100) per pay period, per Aggrieved Employee for initial violations, and two hundred dollars ($200) per pay period, per Aggrieved Employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

### SIXTH CAUSE OF ACTION
(Fair Labor Standards Act On Behalf of Plaintiff and Aggrieved Employees
Against All Defendants)

58.     Plaintiff realleges and incorporates herein by reference the allegations contained in this Complaint as though fully set forth herein.

59.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are employers engaged in an enterprise in interstate commerce whose annual gross

volume of business done is not less than $500,000 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

60.    Plaintiff and Aggrieved Employees worked in excess of 40 hours per week during their employment as herein alleged.

61.    Under 29 U.S.C. §§ 207(a) and 216(b), Plaintiff and Aggrieved Employees are entitled to recover from Defendants unpaid wages and overtime pay at a rate of 1.5 times the regular rate of pay for hours worked in excess of 40 hours per week, and an equal amount as liquidated damages, as well as costs and attorney's fees.

62.    Defendants failed to compensate Plaintiff as required by 29 U.S.C. §§ 207(a) and 216(b).

63.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

64.    Plaintiff is entitled to damages for unpaid earned wages and unpaid overtime premiums in an amount to be proven at trial, plus an equal amount in liquidated damages.

65.    Plaintiff  brings this claim on a collective-action basis pursuant to the FLSA. The FLSA permits an employee to bring an action for unpaid wages on "behalf of himself . . . and other employees similarly situated," so long as all similarly situated employees "give[] [their] consent in writing to become . . . a party." 29 U.S.C. § 216(b).  Pursuant to the FLSA, Plaintiff seeks to represent the following Collective Action:

> All persons who provided services to LSG and one or more Client Employers during the period of time commencing three years prior to the filing of the Complaint, who were paid as non-exempt workers in the State of California.

66.    Plaintiff's consent to bring this action is attached hereto as Exhibit 2.

**WHEREFORE**, Plaintiff pray judgment as follows:

1.    That, under the First Cause of Action, it be adjudged that the failure of Defendants to make timely payment of Plaintiff's wages was in violation of section 201, 202, and/or 203 of the California Labor Code, and was "willful" as that word is used in section 203 of the California Labor Code, and that the Court enter judgment against

Defendants in favor of Plaintiff in an amount not less than $800,000 prescribed by section 203 of the California Labor Code, and that Plaintiff be awarded his costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 218.5.

2.    That, under the Second Cause of Action, this Court enter judgment in favor of Plaintiff and Aggrieved Employees against Defendants in the amount of penalties, reasonable attorneys' fees and costs, all in an amount of not less than $800,000.

3.    That, under the Third Cause of Action, this Court enter judgment in favor of Plaintiff and Aggrieved Employees against Defendants in the amount of his unpaid liquidated damages, interest thereon, reasonable attorneys' fees and cost of suit pursuant to sections 510, 1194, 1194.2, and 1197.1, all in an amount of not less than $800,000. Specifically, that judgment be entered in favor of Plaintiff to recover liquidated damages according to proof.

4.    That, under the Fourth Cause of Action, the Court enter judgment in favor of Plaintiff and against Defendants.  That judgment be entered in favor of Plaintiff in an amount according to proof, and costs and reasonable attorneys' fees in accordance with the provisions of California Labor Code section 226(e), all in an amount of not less than $800,000.

5.    That, under the Fifth Cause of Action, the Court award Plaintiff, the State of California, and other former and current Aggrieved Employees their civil penalties, attorney's fees, and costs of suit, all according to proof, pursuant to sections 201, 202, 203, 204, 210, 226, 510, 558, 558.1, 1194, and 2699 of the Labor Code.

6.    That, under the Sixth Cause of Action, the Court certify a collective action and enter judgment in favor of Plaintiff and against all Defendants, including attorneys' fees and reimbursement of costs.  That judgment be entered in favor of Plaintiff in an amount according to proof or as otherwise pled, all in an amount of not less than $800,000.

7.    For such further relief as the Court may order, including attorney's fees,

costs, and interest pursuant to Labor Code sections 218.5 and 218.6, and Code of Civil Procedure section 1021.5.

       8.     For such other and further relief as this Court may deem fit and proper.

DATED:  October 10, 2017            HARRIS & RUBLE

                                            */s/ Alan Harris*
                                            Alan Harris
                                            *Attorney for Plaintiff*

# **Index to Exhibits**

**Exhibit 1** – Copies of wage statements

**Exhibit 2 -** Plaintiff's FLSA consent

**Exhibit 3** – Letter to LWDA re PAGA Penalties