UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY HAYWARD, individually and as proxies of the State of California on behalf of Aggrieved Employees,<br><br>Plaintiff,<br><br>v.<br><br>LUXURY SHUTTLE GROUP, LLC, a California Limited Liability Company, LANEAR MONTGOMERY, an individual, MARRIOTT INTERNATIONAL, INC., a Delaware Corporation, FOUR POINTS SHERATON LAX, an entity of unknown form, SIXT RENT A CAR, LLC, a Delaware Limited Liability Company, and DOE ONE through and including DOE THIRTY,<br><br>Defendants. | Case No: 2:17-CV-07395-RAO<br>*Assigned to Magistrate Judge Rozella A. Oliver*<br><br>**[PROPOSED] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND APPROVING AWARD OF ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD; AND JUDGMENT OF DISMISSAL**<br><br>Date:   April 17, 2019<br>Time:   10:00 a.m.<br>Ctrm:   590<br>Place:  Roybal Federal Building and United States Courthouse, 255 E. Temple Street, 5th Fl Los Angeles, CA 90012<br><br>First Amended Complaint Filed: November 7, 2018 |

This matter came for hearing before this Court on Plaintiff's Motion for Final Approval of Class Action Settlement and Motion for Award of Attorney's Fees, Incentive Award and Reimbursement of Costs [ECF No. 65] ("Settlement Agreement"). Due and adequate notice having been given to the Settlement Class Members and the Court having considered the Settlement Agreement, all papers filed herein, and all oral and written comments, and having reviewed the record in this action, *Hayward v. Luxury Shuttle Group, LLC et al.*, Case No. 2:17-cv-07395-RAO, and good cause appearing, finds that:

WHEREAS, this Fair Labor Standards Act ("FLSA") and California Private Attorney General Act ("PAGA") action was commenced in the United States District Court, Central District of California on October 10, 2017 and a First Amended Complaint adding class allegations was filed on November 7, 2018;

WHEREAS, the Court has reviewed the Settlement Agreement entered into between the Class Representative, on the one hand, and Marriott International, Inc. ("Marriott"), Sixt Rent A Car, LLC ("Sixt"),  Crescent Hotels and Resorts, LLC ("Crescent"), and New Wynn Li LP, d/b/a Four Points By Sheraton ("Four Points") erroneously sued as Four Points Sheraton LAX (hereinafter, collectively, the "Settling Defendants"), and has considered the terms of the proposed settlement set forth therein;

WHEREAS, on January 22, 2019, the Court entered its Order preliminarily approving the Settlement of this class action, approving the form of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure as fair, adequate and reasonable (the "Preliminary Approval Order");

WHEREAS, the Preliminary Approval Order provisionally certified a class and FLSA collective action of all natural persons who were employed by Defendant Luxury Shuttle Group, LLC ("LSG")  including but not limited to those persons whose names appear in the LSG's accounting paperwork subpoenaed from LSG's accountant, from October 10, 2013 to January 22, 2019;

1    WHEREAS, the Preliminary Approval Order further directed that all Class
2 Members be given notice of the Settlement and of the date for the final fairness hearing;
3    WHEREAS, the Preliminary Approval Order appointed Alan Harris, Priya Mohan,
4 and Min Ji Gal of Harris & Ruble as Class Counsel and Plaintiff Terry Hayward as Class
5 Representative;
6    WHEREAS, during the nearly two years this action has been pending, the parties
7 have engaged in extensive discovery in this Court;
8    WHEREAS, the parties engaged in private mediation before the Michael D. Young
9 of Judicate West, which process resulted in the Settlement Agreement;
10    WHEREAS, a resolution to this action was reached after mediation after further
11 negotiations by acceptance of a mediator's proposal;
12    WHEREAS, Settling Defendants deny any liability and wrongdoing of any kind
13 associated with the claims alleged in this action, and continues to deny that this action is
14 appropriate for class treatment for any purpose other than this Settlement;
15    WHEREAS, Class Counsel has conducted a thorough investigation into the facts
16 of this action, is knowledgeable about and has done extensive research with respect to the
17 applicable law and the defenses asserted by Settling Defendants to the claims of the Class
18 and has diligently litigated the Class Members' claims against Settling Defendants, and
19 therefore Class Counsel has an appropriate basis to evaluate the value of this Settlement;
20    WHEREAS, based on the foregoing data, Class Counsel is of the opinion that the
21 Settlement with Settling Defendants for the consideration and on the terms set forth in
22 this Settlement Agreement is fair, reasonable, and adequate and is in the best interest of
23 the Class Members in light of all known facts and circumstances, including the
24 uncertainty associated with litigation, the defenses asserted by Settling Defendants, the
25 governing law and numerous potential appellate issues;
26    WHEREAS, the parties desire to compromise and fully settle their claims with
27 finality pursuant to the terms of the Settlement Agreement;
28

WHEREAS, the Court has reviewed the declaration and supplemental declaration of Jeremiah Kincannon, from Simpluris, Inc.;

WHEREAS, no objections to the Settlement were filed by any Class Members;

WHEREAS, no Class Members requested to be excluded from the Settlement;

WHEREAS, the Court conducted a final fairness hearing on the proposed Settlement on April 17, 2019 and, having considered the arguments presented, all papers filed and all proceedings therein, the Court grants Final Approval of the Settlement.

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. To the extent defined in the Settlement Agreement, the terms in this Order shall have the meanings set forth therein.

2. The Court has jurisdiction over the subject matter of this action, over the Plaintiff, over all members of the Class, and over Settling Defendants.

3. The Court approves the Settlement Agreement as fair, reasonable, in the best interest of the Settlement Class Members, and adequate in all respects pursuant to Rule 23 of the Federal Rules of Civil Procedure, and the Court orders the parties to consummate the Settlement in accordance with the terms of the Settlement Agreement.

4. As previously found in the Court's Preliminary Approval Order, the Class, for Settlement purposes only, satisfies the requirements for a Rule 23 settlement class and FLSA collective action, and is defined as follows: all natural persons who were employed by LSG including but not limited to those persons whose names appear in the LSG's accounting paperwork subpoenaed from LSG's accountant, from October 10, 2013 to January 22, 2019.

5. In full compliance with Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, on February 8, 2019, the Settlement Administrator mailed a Notice Packet by first-class mail to all 106 members of the Class at their last known addresses.

6. The Court has determined that all members of the Class have been given proper and adequate notice of the Settlement. The Court finds that the Notice Packet

given to the Class fully and the notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order:

    a) constituted the best practicable notice under the circumstances;

    b) constituted notice that was reasonably calculated under the circumstances to accurately inform all members of the Class of the pendency of this litigation and all material terms of the proposed Settlement, including the plan for distribution of the Gross Settlement Fund, the application for an Attorney Fee and Cost Award, the application for a Class Representative Incentive Award, the procedure to exclude themselves from the Settlement or to file an objection to the Settlement, the scope of the Class Released Claims and their right to appear at the Final Fairness Hearing;

    c) constituted valid, due and sufficient notice to all Class Members, and complied fully with Rule 23 of the Federal Rules of Civil Procedure, the U.S. Constitution, and any other applicable laws.

7. In compliance with the requirements of California Labor Code § 2699(l)(2), Plaintiff's counsel provided notice to the Labor and Workforce Development Agency ("LWDA") of the proposed Settlement. Plaintiff's counsel received no objections from the LWDA regarding the proposed Settlement.

8. The plan for distribution of the Gross Settlement Payment to Settlement Class Members set forth in the Settlement Agreement is approved as being fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. The Court awards Class Counsel attorneys' fees in the total amount of $28,920.02, and litigation costs and expenses in the total amount of $2,429.98, totaling $31,350, which shall be paid from, and not in addition to, the Gross Settlement Value.

10. The Court approves an Incentive Award of $2,500 to the Class Representative, Terry Hayward, which shall be paid from, and not in addition to, the Gross Settlement Value.

11. The Court approves the payment of reasonable Administration Costs to the

Settlement Administrator Simpluris, Inc. in an amount of $4,000. The Administration Costs shall be paid from, and not in addition to, the Gross Settlement Value.

12. It is hereby ordered that the Settlement Administrator shall pay $1,875 to the LWDA on account of the California Labor Code PAGA claim. The payment shall be paid from, and not in addition to, the Gross Settlement Value.

13. The sum of any uncashed checks, unpaid residue or unclaimed or abandoned funds, shall be made payable to the State Bar of California Justice Gap Fund, to be distributed by the Legal Services Trust Fund Program.

14. The Court hereby dismisses this action with prejudice as to Defendants Marriott, Sixt, and Crescent and Four Points (erroneously sued as Four Points Sheraton LAX).

15. Upon entry of this Final Approval Order and concurrently entered Judgment of Dismissal, and by operation of this Final Approval Order and Judgment of Dismissal and payments made as approved by the Court, each Settlement Class Member's Released Claims against Settling Defendants and all of the Released Parties as defined in the Settlement Agreement, are fully, finally and forever released, relinquished and discharged pursuant to the terms of the Settlement Agreement.

16. Due and adequate notice of the proceedings having been provided to the Settlement Class Members, and have offered a full opportunity to participate in this hearing, it is hereby determined that the Settlement Class Members are bound by this Final Approval Order and concurrently entered Judgment of Dismissal, including without limitation, the Released Claims.

17. Without further order of the Court, the parties may jointly agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

18. Without affecting the finality of this Order, the Court shall retain exclusive and continuing jurisdiction over the action, the Class Representatives, the Class and Defendants for purposes of supervising the consummation, administration,

implementation, enforcement and interpretation of the Settlement Agreement and all other matters covered in this Order.

**IT IS SO ORDERED.**

Dated: April 29, 2019

*Rozella A. Oliver*
Rozella A. Oliver
United States Magistrate Judge